UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
ex rel. MICHAEL DONNEL WESLEY,

                         Petitioner,          MEMORANDUM
                                                      AND ORDER

   -against-

                                                        Civil Action No.
WARDEN BRIAN RIORDAN or Acting Warden,    CV-05-3958 (DGT)
Anna M. Kross Center,

                        Respondent.
------------------------------------------------------------------x
TRAGER, J.

     Petitioner, Michael Donnel Wesley, brings this pro se petition for a writ of habeas corpus, alleging that the prosecution in his pending State criminal cases violated New York Criminal Procedure Law ("CPL") § 30.30(2)(a). For the reasons set forth below, this petition is denied without prejudice.

     Petitioner is currently incarcerated at Rikers Island, where he is awaiting trial in the Supreme Court of the State of New York, Queens County, on two separate 2002 indictments. Petitioner does not provide a complete and cogent history of his criminal proceedings, so it is unclear precisely when petitioner was taken into custody or why the cases have yet to be brought to trial. However, this Court is aware that petitioner has been awaiting trial on these indictments since at least June 2003, when he filed a previous pro se petition for a writ of habeas corpus with this Court. That petition, which was brought pursuant to 28 U.S.C. § 2254, was dismissed as premature. See Wesley v. Acting Warden (Wash), No. CV-03-3099 (DGT), slip op. at 2-3 (E.D.N.Y. Sept. 11, 2003).

     If this were a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, this petition would also be premature and would be dismissed for the same reason set forth in the

above-cited Memorandum and Order. However, unlike the prior petition, the instant petition makes no mention of 28 U.S.C. § 2254 or any other federal habeas statute. Moreover, while the instant petition makes reference to the Sixth Amendment of the United States Constitution,[1] this petition cannot be construed as raising a Sixth Amendment speedy trial issue. The petition does not expressly, or even implicitly, allege a violation of petitioner's Sixth Amendment speedy trial rights and does not seek dismissal of the pending indictments. Rather, the petition cites to numerous New York State Court of Appeals opinions, including People ex rel. Chakwin v. Warden, New York City Correctional Facility, Rikers Island, 63 N.Y.2d 120, 480 N.Y.S.2d 719 (1984), for the proposition that a "writ of habeas corpus ... may be used to obtain ... release Pending Trial of a Felony Indictment Pursuant to C.P.L. § 30.30 [2][a], Where the People are not ready, and trial court must grant ... the motion be (sic) either setting a Bail ... or be (sic) releasing" the accused. Petition at 3 (emphasis omitted).[2] Petitioner asserts that the "People are in violation of CPL. 30.30[2a]," id. at 1, since "more than 90 days of Delay in bringing [petitioner] ... to trial are chargable (sic) to the People," id. at 5, and that this Court should "release him on Bail that [he] can make or on his Own recogizance (sic)." Id. at 6.

From the foregoing, it is readily apparent that petitioner is seeking the State "writ of habeas corpus" discussed in People ex rel. Chakwin, supra, not a writ of habeas corpus pursuant

---

[1] The petition's sole reference to the Sixth Amendment reads: "Section VI and United States Constitution (sic) Amendment Sixth and Fourteenth is make (sic) applicable to the State through the Due Process Clause ...." Petition at 4.

[2] The pages of the petition are not numbered. In calculating page numbers for purposes of this Order, this Court has disregarded the first page of petitioner's submission – entitled "Writ of Habeas Corpus" – as a notice, and has construed the page entitled, "Verified Petition," as page one of the petition.

2

to 28 U.S.C. § 2254. Chakwin holds that a writ of habeas corpus is available in State court to obtain release under CPL § 30.30(2) – a subsection of the speedy trial statute which provides that, "if the People are not ready for trial within certain prescribed periods, a defendant who has been committed to the custody of the sheriff * * * must be released on bail or on his own recognizance, upon such conditions as may be just and reasonable." Chakwin, 63 N.Y.2d at 124; 480 N.Y.S.2d at 720-21 (internal quotations omitted). This State habeas proceeding serves as an appeal, permitting review of the trial court's denial of a pretrial motion to seek release based upon a violation of CPL § 30.30(2). If State habeas relief were unavailable, the defendant would have "no way to effectively appeal an adverse ruling" on that motion. Id., 63 N.Y.2d at 125; 480 N.Y.S.2d at 721.[3] Accordingly, a "[d]eparture from traditional orderly proceedings" is permitted "by reason of practicality and necessity," and a criminal defendant can seek relief from a violation of CPL § 30.30(2) by petitioning for a writ of habeas corpus. Id., 63 N.Y.2d at 125; 480 N.Y.S.2d at 721.[4]

---

[3]This is true because a motion pursuant to subdivision 2 of CPL § 30.30, which seeks release from confinement rather than dismissal of a pending indictment, is not considered a "speedy trial" challenge, but a challenge to the legality of a defendant's pretrial detention. "Obviously, once the defendant's case is tried the legality of his [or her] pretrial detention is mooted and the relief guaranteed by CPL § 30.30(...2) would be academic on a direct appeal from a judgment of conviction." Chakwin, 63 N.Y.2d at 125; 480 N.Y.S.2d at 721. In contrast, "habeas corpus does not lie to determine whether the right to a speedy trial has been denied in a pending criminal action," since that "speedy trial claim could be raised at the trial itself and on a direct appeal." Id., 63 N.Y.2d at 124-25; 480 N.Y.S.2d at 721 (internal quotations and citations omitted). Thus, a writ of habeas corpus cannot be brought – even in State court – to challenge the denial of a motion to dismiss an indictment for violation of subdivision 1 of CPL § 30.30 until a conviction is entered upon that indictment and direct appeal from that judgment of conviction is exhausted.

[4]Although the Court of Appeals did not explicitly require a defendant to file a CPL § 30.30(2) motion before petitioning for a writ of habeas corpus, that requirement has been held to be implicit in the rationale underlying the Chakwin decision. See People ex rel. Bullock v. Barry, Nos. 02-403954, 30205/02, 2002 WL 31720977, at *1 (Sup. Ct., N.Y. Co. Nov. 13, 2002).

Nothing in Chakwin, however, authorizes a criminal defendant to challenge a violation of CPL § 30.30(2) by petitioning for a writ of habeas corpus in federal court. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002) (citing Estelle, 502 U.S. at 67-68). CPL § 30.30, which "addresses only the problem of prosecutorial readiness, ... is not a speedy trial statute in the constitutional sense." People v. Anderson, 66 N.Y.2d 529, 535, 498 N.Y.S.2d 119, 123 (1985). Therefore, a claim based on CPL §30.30 does not raise a federal constitutional claim upon which federal habeas relief may be granted. See, e.g., Singh v. Fischer, No. 03-CV-4128 (JG), 2004 WL 2999106, at *4, n.4 (E.D.N.Y. Dec. 29, 2004) ("Singh's claim that the state court erred in its decision regarding his speedy trial rights under New York state law is not cognizable on [federal] habeas review."); Wilson v. Goord, No. 00 Civ. 4849 (LTS), 2004 WL 226149, at *4 (S.D.N.Y. Feb. 6, 2004) ("[E]ven if Petitioner's statutory speedy trial right was violated, Petitioner has failed to raise a constitutional claim that is cognizable on federal habeas corpus review.")

Conclusion

For the reasons set forth above, the instant petition for a writ of habeas corpus is dismissed without prejudice. Nothing herein shall preclude petitioner from seeking a writ of habeas corpus upon these same grounds in State court. Moreover, if petitioner is ultimately

4

convicted of one or more of the charges currently pending against him, he may seek federal habeas relief in this Court, provided he first exhausts his State remedies.

Dated: Brooklyn, New York
September 2, 2005

SO ORDERED:

David G. Trager
United States District Judge